# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THOMAS HENNIGAN,

    Plaintiff,

v.                                                                                                    Case No. 11-13555

ROOFERS LOCAL 149
PENSION FUND,

    Defendant.
                                          /

## OPINION AND ORDER DENYING PLAINTIFF'S "MOTION TO REVERSE DEFENDANT'S ARBITRARY AND CAPRICIOUS ERISA DETERMINATION AND GRANT DISABILITY BENEFITS" AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT

Plaintiff Thomas Hennigan initiated this action against Defendant Roofers Local 149 Pension Fund to recover disability benefits under section 502(a) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). Plaintiff has since filed a motion for judgment on the administrative record, and Defendant, at the direction of the court, has filed a joint response and cross-motion for judgment. Both motions have been fully briefed, and the court determines a hearing to be unnecessary. *See* E.D. Mich. LR 7.1(f)(2). Because Plaintiff filed this suit outside of the limitations period designated in the Roofer's Local No. 149 Pension Plan (the "Plan"), the court will enter a judgment in favor of Defendant.

### I. BACKGROUND

Plaintiff, a roofer, was a participant in the Plan when he suffered a fractured ankle in the course of his employment in September 2000. (Admin. R. 139, Dkt. ## 9-

12.) The injury rendered him unable to continue working as a roofer, and, in February 2006, he applied for disability benefits from Defendant, the Plan administrator. (*Id.* at 134-39.) This request was ultimately denied in July 2008. (*Id.* at 50-51.) On March 31, 2010, Plaintiff filed a second benefits application, (*id.* at 28-35), which was also unsuccessful, (*id.* at 25-27); Plaintiff received notice on June 15, 2010, that Defendant's Board of Trustees had decided against him on his administrative appeal of Defendant's initial denial of benefits, (*id.* at 18-19). On August 15, 2011, Plaintiff filed this suit against Defendant to recover disability benefits under the Plan.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court "is not to 'weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* at 497 (quoting *Anderson*, 477 U.S. at 251-52). "The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [movant] is entitled to a verdict . . . ." *Anderson*, 477 U.S. at 252.

The party seeking summary judgment has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. It is not enough for the nonmovant to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmovant must sufficiently allege a fact that, if proven, "would have [the] effect of establishing or refuting one of essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (alteration in original) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)) (internal quotation marks omitted).

Both parties must support their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Alternatively, either party may carry its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(B). "The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita*, 475 U.S. at 587).

### III. DISCUSSION

Plaintiff did not bring suit against Defendant for more than a year after receiving notice of the most recent denial of his claim for disability benefits. This delay runs afoul of the statute of limitations contained in the Plan, which provides that "[n]o action may

3

be brought to recover benefits allegedly due under the terms of the Plan more than 180 days following the notice of decision on appeal." (Admin. R. 239.) Thus, Plaintiff is barred from pursuing his claim for disability benefits in this court.

Plaintiff seeks to avoid this result by claiming that the Plan's six-month limitations period is void as unreasonable. In ERISA actions, contractual limitations periods are enforceable if they are reasonable. *Med. Mut. of Ohio v. k. Amalia Enters. Inc.*, 548 F.3d 383, 390 (6th Cir. 2008); *see also Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997). Although the sixth months for bringing suit allowed by the Plan is considerably shorter than the six-year period that would otherwise apply under Michigan law, *see Armbuster v. K-H Corp.*, 206 F. Supp. 870, 887 (E.D. Mich. 2004), other courts have deemed it reasonable, *see Roback v. UPS Retired Employees' Healthcare Plan*, No. 09-CV-14478, 2010 WL 4286180, at *6 (E.D. Mich. Oct. 26, 2010), and still others have upheld even shorter, ninety-day limitations periods, *see Northlake*, 160 F.3d at 1304.

In this case, Defendant informed Plaintiff of the 180-day limitations period in the notice of its decision on appeal, and Plaintiff offers no credible explanation for why he could not reasonably be expected to file suit within this time. There is no evidence that Defendants imposed the six-month limitation on suits as "a suberfuge to prevent lawsuits." *Id.* Instead, it is "commensurate with other Plan provisions that are designed to process claims with dispatch" and only commences after the "completion of an ERISA-required internal appeals process" during which "most or all of the investigation

4

and evidence-gathering will have been completed." *Id.* The court sees no reason not to enforce the Plan's limitations period and grant judgment to Defendant.

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's "Motion to Reverse Defendant's Arbitrary and Capricious ERISA Determination and Grant Disability Benefits" [Dkt. # 7] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for judgment [Dkt. # 14] is GRANTED.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated:  July 9, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 9, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner  
        Case Manager and Deputy Clerk  
        (313) 234-5522